## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MOHAMMAD ALI NADERI, | ) | **BANKRUPTCY COURT CASE** |
| | ) | **NO.:  14-81030-JAC7** |
| DEBTOR. | ) | |
| | | |
| MOHAMMAD ALI NADERI, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | |
| v. | ) | **CASE NO.:  5:14-CV-1915-VEH** |
| | ) | |
| MICHAEL FORD, CHAPTER | ) | |
| 13 TRUSTEE, | ) | |
| | ) | |
| APPELLEE. | ) | |

### MEMORANDUM OPINION

This matter is before the court as an appeal from the bankruptcy court, pursuant to 28 U.S.C. § 158.  The parties have filed appellate briefs, which the court has reviewed.  The court finds, in accordance in Fed.R.Bankr.P. 8012, that the facts and legal arguments are adequately presented in the briefs and record and the decisional process will not be significantly aided by oral argument.

The appellant appeals from the bankruptcy court's Order converting his Chapter 13 Petition into a Chapter 7 proceeding.  Under the Federal Rules of Bankruptcy Procedure, the bankruptcy court's findings of fact will not be set aside unless they are clearly erroneous.  Fed.R.Bankr.P. 8013.

### Factual Background

This appeal challenges various rulings made by Bankruptcy Judge Jack Caddell, including the finding that confirmation of the Chapter 13 plan of plaintiff Mohammad Ali Naderi ("Naderi")

should be submitted on summary judgment, and culminating in the conversion of that plan into one under Chapter 7.

On August 19, 2014, Judge Caddell ruled that, in accordance with the instructions provided in open court the previous day, Naderi was to file a motion for summary judgment.  (Doc. #1-1).[1] The Appellee, Trustee Michael Ford ("Trustee"), filed a motion to convert the case to Chapter 7, or in the alternative, a motion to dismiss.  Judge Caddell granted the motion to convert the case to Chapter 7 on September 3, 2014, based on a September 2, 2014 hearing.  (Doc. #1-2).  Naderi filed a Notice of Appeal and an Amended Notice of Appeal from both those Orders on September 15 and 18, 2014, respectively.  (Docs. # 1-3, #1-6).   Naderi then filed a motion to alter, amend or vacate the Order of Conversion, which Judge Caddell denied.  (Docs. #1-10, #1-11).  Naderi filed a motion to correct or amend the Order denying his motion to alter, amend or vacate, and a correction motion for the same (docs. #1-12, #1-13), which were again denied by Judge Caddell on September 9, 2014. (Doc. # 1-14).  This appeal followed on October 9, 2014.  (Doc. # 1).

## Standard of Review

This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard of review and conclusions of law under the de novo standard of review.  *In re Piazza,* 719 F.3d 1253, 1260 (11th Cir. 2013), citing *In re Englander,* 95 F.3d 1028, 1030 (11th Cir. 1996).  A finding is "clearly erroneous" when, in light of all of the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *In re Int'l Pharmacy & Discount, II, Inc.,* 443 F.3d 767, 770 (11th Cir. 2005).  The proper construction of the Bankruptcy Code by the

---

[1]All references to document numbers (referenced as "Doc. __") are to numbers assigned by the court upon docketing of documents.

bankruptcy court is a matter of law; accordingly, such interpretations are subject to de novo review. *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994); *In re Taylor*, 3 F.3d 1512, 1514 (11th Cir. 1993).

## Legal Analysis

Although Naderi lists five grounds for appeal, these arguments fall into two categories:  (1) did the bankruptcy court commit error in ordering confirmation be submitted by motion for summary judgment; and (2) did the bankruptcy court commit error in ordering Naderi's Chapter 13 petition be converted to Chapter 7?  The court addresses each of these in turn.

### I.    Did the Bankruptcy Court Err in Ordering Confirmation Be Submitted by Way of Summary Judgment Motion?

Naderi argues that a bankruptcy court cannot use summary judgment motions to consider confirmation of a Chapter 13 Plan.  (Doc. #5, p. 14).  The Trustee responds that the court was wholly correct in ordering that confirmation and that the Trustee's motion to convert or dismiss be submitted by summary judgment motion.  (Doc. # 6, pp. 8-10).  According to the Trustee, Rule 9014, "Contested Matters," Fed.R.Bankr.P., resolves this issue completely.  That Rule states in relevant part:

> **(a) Motion**. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
>
> **(b) Service**. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P.

> **(c) Application of Part VII rules**. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 7071 .... The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

Federal Rules of Bankruptcy Procedure, Rule 9014 (a)-(c).

The Advisory Committee Notes to this Rule include the instruction that "[w]hen the rules of Part VII are applicable to a contested matter, reference in the Part VII rules to adversarial proceedings is to be read as a reference to a contested matter." Advisory Committee Notes (1983), Rule 9014, Fed.R.Bankr.P.

At the time the bankruptcy court ordered that confirmation of the Chapter 13 Plan be addressed through summary judgment, the Trustee's motion to convert or dismiss was already pending. *See e.g.*, transcript of Aug. 18, 2014, hearing. (Doc. #2). Hence, confirmation of the Chapter 13 Plan was a contested matter. *See e.g., In re Parra,* 2014 WL 3616209, at *1 (Bkrtcy. D.N.M. 2014) ("Confirmation of a Chapter 13 Plan is a contested matter and is therefore governed by Fed.R.Bankr.P. 9014. Pursuant to Rule 9014(c), Fed.R.Bankr.P. 7056 is applicable to contested matters. Thus, the Motion [for Summary Judgment] is properly before the Court."); *Matter of Dues*, 98 B.R. 434, 440 (Bkrtcy. N.D. Ind. 1989) (Confirmation becomes a contested matter once an objection to a Chapter 13 plan is asserted).

In light of the foregoing, the court finds no error in the bankruptcy court's instruction to the parties that confirmation of the Chapter 13 would be considered upon Motion for Summary Judgment. For the same reason, Naderi's argument that the bankruptcy court erred on August 18, 2014, in ordering him to file a motion for summary judgment rather than holding a confirmation

hearing also has no merit. (Doc. #5, p. 16). Naderi asserts that because he was present with counsel and ready to proceed, the only proper course of action for the bankruptcy court was to hold a confirmation hearing. (*Id*.). However, this argument is directly refuted by Rule 9014, Fed.R.Bankr.P., which allowed the bankruptcy court to proceed in the exact manner it did here. Similarly, Naderi's argument that "the Court must take evidence" fails because written evidence properly may be submitted in support of a summary judgment motion.

> As the Second Circuit ruled,

> ...we find the Appellant's complaint that "there was no testimony taken or documentary evidence presented," ... to be without foundation. Federal Rule of Civil Procedure 43(e), made applicable to cases under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 9017, provides that the court may hear motions on affidavits presented by the respective parties or may direct the matter be heard wholly or partly on oral testimony or deposition. *See* Fed.R.Civ.P. 43(e) and Fed.R.Bankr.P. 9017; *see also e.g. First Republicbank Dallas v. Gargyle Corp*., 91 B.R. 398, 401 n. 5 (N.D.Tex. 1988); *In re Ravick Corp*., 106 B.R. 834, 835 n. 1 (Bankr.D.N.J. 1989). As very recently stated by the Second Circuit, "motions may be decided wholly on the papers, and usually are." *Greene v. WCI Holdings Corp*., 136 F.3d 313, 315 (2d Cir.1998)(*quoting World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 366 (2d Cir. 1965)). A proceeding to dismiss a case or convert a case to another chapter is a contested matter to be heard upon motion. Fed.R.Bankr.P. 1017(d) and 9014. Thus, a court may rely upon affidavits in a proceeding to convert or dismiss. *See, e.g. In re Ravick Corp*., 106 B.R. at 835 n. 1 (quoting *In re Apex Properties, Ltd.*, Civil Action No. 88–0056 (D.N.J., May 6, 1988)).

*In re Blaise,* 219 B.R. 946, 949 (2nd Cir. 1998).

> Given that the Federal Rules of Bankruptcy Procedure allow the bankruptcy court to proceed in the exact manner it did, the court finds that the bankruptcy court did not err in doing so.

**II.  Did the Bankruptcy Court Err by Not Confirming Appellant's Chapter 13 Plan and by Converting the Same to Chapter 7[2]**

Naderi argues that, assuming a Chapter 13 Plan can be confirmed by way of summary judgment motion, the bankruptcy court erred in not confirming his plan because he submitted 148 pages of affidavits and exhibits, the Trustee did not respond to his motion, he followed all rules and, if nothing else, the bankruptcy court should have allowed him additional time to submit a confirmable plan.  (Doc. #5, pp. 18-24).   However, Naderi provides no authority to this court to support a ruling that, in considering confirmation of a plan submitted by summary judgment, a bankruptcy court can only consider the evidence submitted in support of or in opposition to that very motion.[3]  As previously noted, the bankruptcy court already had the Trustee's motion to dismiss or convert before it at the time Naderi was ordered to submit the proposed plan confirmation via summary judgment motion.  Specifically, the Trustee had already raised concerns regarding Naderi's proposed payments due to the amount of unsecured claims; that Naderi had a substantial interest in two businesses (a restaurant and a convenience store) for which the Trustee had no appraisal; and that the unsecured creditors stood to benefit from a sale of Naderi's interests in the businesses, which was not possible under Chapter 13.  (Doc. # 1-11, p. 1).

---

[2]Naderi states this argument three different ways, specifically: whether the bankruptcy court erred in converting the Appellant's bankruptcy to Chapter 7 when the case was submitted for confirmation on summary judgment motion; whether the bankruptcy court erred in converting the case to Chapter 7 when Appellant had complied with all Rules; and whether the bankruptcy court erred in converting the Appellant's case to Chapter 7 rather than allowing him time to submit a confirmable plan.  (Doc.#5, p. 6).  Because there is no difference in substance among these arguments, the court addresses them as one issue, namely, did the bankruptcy court err in converting Appellant's plan to Chapter 7?

[3]Rather, Rule 56(c)(3), Fed.R.Civ.P., made applicable in bankruptcy proceedings through Rule 7056, Fed.R.Bankr.P., specifically allows the court to consider "other materials in the record."

During the September 2, 2014, hearing concerning confirmation of Naderi's proposed Plan,

the following argument was made by the Trustee:

> TRUSTEE: Debtor owes about a quarter of a million dollars in unsecured debt. The
> bar date's passed. He is half owner of a convenience store in Huntsville. He is a
> one-third owner of a restaurant that's been in operation since about early 2000s. It's
> a national chain.
>
> Our objection is this: This restaurant has good earnings, appears to be worth
> money. The debtor, however, does not feel he can pay enough money to the trustee
> to pay any sort of value and we feel that with the 5 percent or so dividend he offers
> up that, that the creditors would be better off having a Chapter 7 trustee look at the
> case and see if something can be done with the restaurant. The debtor would say that
> although he's a one-third owner of this restaurant, there is restriction on buyout....
>
> ....
>
> And he would say that the franchise is actually in the name of one of the other
> members and not in the LLC's name and, therefore, the control of the franchise
> would go to the other member. Our response to that is if you look at the profit and
> loss – and debtor has furnished that – it – it – there should be value in this and we
> just think 5 percent to unsecured creditors is not enough in this big a case.

Hearing Transcript, Sept. 2, 2014. (Doc. # 3, pp. 2-3 ). Naderi's counsel responded:

> What we had set out was that Mr. Naderi's brother, actually, owns the
> franchise....
>
> So you can, you can actually buy a franchise for Subway dirt cheap. It's just
> you're going to be sending Subway a lot of your profit out of the business. And so
> that was the point.
>
> I think the major thing here, Your Honor, these two businesses, the Subway
> shop and the convenience store, are right around the corner from each other, across
> the street from Huntsville Hospital. That's important because Huntsville Hospital's
> already purchased the properties on both sides of this property and the gentleman that
> we rent from on both sides of our properties has declined to extend our commercial
> lease....
>
> So since these only have a month-to-month lease they have no ongoing
> business value. You can't –

THE COURT: Well, what is the purpose of his Chapter 13?

[APPELLANT COUNSEL]: He is catching up on home arrears and paying some other items, Your Honor.

....

He was in a previous [Chapter] 13 at 340 a month and –

THE COURT: And he didn't make –

[APPELLANT COUNSEL]:  – he's paying, I think he's paying  the value of the properties.  The convenience store does have some value.  And so if he did a [Chapter] 7 they would just, I guess, have to liquidate half of the beer, wine, cigarettes, the stuff in the store.  We've set out in affidavit form the value of that stuff, but –

THE COURT: Well, I'm going to grant the trustee's motion to convert to a 7.  He's been in a previous Chapter 13 and he didn't make it.  He's got all this convoluted financial situation that a Chapter 13 trustee is not in a position to explore and exploit, if necessary; whereas a Chapter 7 trustee can do that; possibly even make enough money to pay – well, and ... he owes $250,000.  I just –

....

I'm granting – this is his second bite at the apple and he still hasn't satisfied this trustee.  I'm going to convert to a 7.

*Id.*, pp. 3-6.

Naderi asserts that the bankruptcy court was wrong to find an appraisal of the businesses necessary because they had no ongoing value.  (Doc. # 5, p. 18-19). However, this court has no basis to conclude otherwise.  The law is well established that "the district court in reviewing the decision of a bankruptcy court functions as an appellate court." *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994).  The district court is not authorized to make independent factual findings, *In re Lett*, 632 F.3d 1216, 1225 (11th Cir.  2011), but may only consider whether the factual findings made by the bankruptcy court are "clearly erroneous." *In re Piazza*, 719 F.3d at 1260.  A finding

is clearly erroneous when, although there is evidence to support it, the reviewing court upon examining the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Here, the merit of having an appraisal of the businesses, possible under Chapter 7 but not Chapter 13, was a factual determination left to the discretion of the bankruptcy court. This court has no basis to find it "clearly erroneous."

Appellant's argument that the bankruptcy court lacked "cause" under 11 U.S.C. § 1307 to convert the Plan to Chapter 7 does not assist him. Pursuant to § 1307, a bankruptcy judge may dismiss a case for cause under Chapter 13 or convert it to Chapter 7, whichever is in the best interests of creditors and the estate. *In re Page*, 519 B.R. 908, 912 (Bkrtcy. M.D.N.C. 2014). Additionally, a Chapter 13 Plan must be proposed in good faith in order to be confirmed. 11 U.S.C. § 1325(a)(3). The Trustee asserts – and Naderi does not dispute – that this was the second Chapter 13 petition filed by Naderi. (Doc. # 6, p. 17). The amount of proposed payments and the failure to value the businesses both cast doubts on whether the proposed plan met the best interest of the creditors test under 11 U.S.C. § 1325(a)(4).[4] (*Id.*, pp. 17-18). In ruling on Naderi's first Motion to Alter or Amend (doc. # 1-10), the bankruptcy court stated that

> ... the grounds set forth in the trustee's motion to dismiss or convert are well taken and constitute sufficient cause under § 1307 to convert. The Court finds that it is in the best interest of creditors for this case to be converted to allow a Chapter 7 trustee to investigate potential equity and determine whether unsecured creditors will benefit from the sale of the debtor's interests in both the restaurant and convenience store. As proposed in the debtor's Chapter 13 plan, unsecured creditors will only receive

---

[4] 11 U.S.C. § 1325(a)(4) requires confirmation of a plan if, *inter alia*, "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date..."

approximately $14,000 of their $297,333.14 in unsecured claims as filed. Although the debtor submitted an affidavit alleging that the restaurant is not a very lucrative business and an exhibit valuing the convenience store inventory, the Court finds that his explanation of value was not satisfactory. An appraisal of the restaurant would have been better evidence of its true value. A Chapter 7 trustee will be able to investigate the value of both the restaurant and convenience store .... it may very well be that the trustee will either abandon the same or allow the debtor to buyout the equity rather than selling the debtor's interests .... Thus, there is no prejudice to the debtor in converting the case to Chapter 7.

(Doc. #1-11, pp. 3-4).

Naderi argues that no grounds existed for the court to convert his petition to one under Chapter 7. (Doc. # 5, pp. 21-22). In *Kitchens v. Georgia Railroad Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir. 1983), the Eleventh Circuit provided guidance for determining a debtor's good faith within the context of a Chapter 13 plan by listing factors to be considered. This non-exclusive list includes the debtor's motivations and sincerity in seeking relief, the circumstances under which the debtor contracted with creditors, whether the debtor dealt with creditors in good faith, the debtor's income, the debtor's ability to earn and the likelihood of fluctuation in his earnings, the debtor's and his dependents' living expenses, the frequency with which he has sought bankruptcy relief, and special circumstances such as inordinate medical expense. *Id*. at 888–89. Factors suggested by other jurisdictions include the percentage of proposed repayment, the nature and amount of unsecured claims, and the debtor's honesty in representing facts. *See, e.g., Deans v. O'Donnell (In re Deans)*, 692 F.2d 968, 972 (4th Cir. 1982). A debtor's good faith or lack thereof is properly determined by examining the totality of the circumstances. *In re Brown,* 742 F.3d 1309, 1317 (11th Cir. 2014).

In response to Naderi's arguments that the bankruptcy court could not have found he was proceeding in bad faith, the Trustee sets forth the bases for the motion to dismiss or convert which

was granted by the bankruptcy court. (Doc. # 6, pp. 12-16). In essence, the Trustee asserted that Naderi had previously filed a similar Chapter 13 Plan in 2010 and failed to make payments; that Naderi's valuation of the businesses was belied by his 2013 tax returns; and that the payments proposed to unsecured creditors were too uncertain to warrant confirmation. *Id*. After close review of the record and the totality of the circumstances, this court cannot conclude that the bankruptcy court's findings were clearly erroneous.

Finally, Naderi asserts that he should have been allowed to submit a modified plan prior to the bankruptcy court's decision to convert his case to Chapter 7. (Doc. #5, p. 23). The sole case relied on by Naderi for this proposition, *In Re Nelson*, 343 B.R. 671 (9th Cir. 2006), has never been addressed by a court within the Eleventh Circuit. However, of the courts that have considered the underlying proposition, namely that a debtor must be given time to submit an amended plan before the bankruptcy court may dismiss or convert the plan to Chapter 7 pursuant to 11 U.S.C. § 1307(c)(5), none have reached the conclusion offered by Naderi. *See e.g., Dean v. Suntrust Bank*, 2007 WL 1953151, at *4 (N.D. Ga. 2007) (affirming bankruptcy court ruling that there was no reason to allow debtor additional time to file another modification of his plan because, there existed no legitimate bankruptcy purpose for debtor to remain in Chapter 13); *Simmons v. Townson*, 2007 WL 656591, at *2-3 (N.D.Ga. 2007) (holding no error in bankruptcy court ruling that, because, based on "[t]he economics of this case ... [i]t appears that creditors could be paid a substantial portion of their claims in a Chapter 7 case if a trustee liquidated some or all of the non-exempt assets," conversion to Chapter 7 was appropriate). *See also In re Jackson,* 2007 WL 1188202, at *4 (Bkrtcy. E.D. Pa. 2007).

("... because this was not her first bankruptcy case, the standard for evaluating the reasonableness of her efforts is necessarily more stringent than if this case were her first bankruptcy filing") (citing *In re Yeager*, 2004 WL 422049, at *3 (Bkrtcy. E.D. Pa. 2004) (court may hold a Chapter 13 plan filed after the failure of prior bankruptcy cases to higher standard of feasibility in making decision whether to confirm the plan)).

### Determination on Appeal

Upon consideration of the record on appeal, including the briefs, appendices and other documents filed by the parties, the court is of the opinion that the bankruptcy court's holdings are correct and that the decision is due to be **AFFIRMED**.  More specifically, no clearly erroneous factual findings exist in the record, and no legal error was committed.

### Conclusion

Having considered the foregoing, the bankruptcy court's rulings are due to be **AFFIRMED.** The court will enter an Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 27th day of February, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

12